## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DWIGHT M. MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-55-SNLJ |
| ) | |
| SECC DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented Plaintiff Dwight Moody commenced this civil action on April 12, 2021, by filing a letter with the Court complaining about conditions at Southeast Correctional Center ("SECC") in Charleston, Missouri. ECF No. 1. On the following day, the Court issued an Order finding Plaintiff's letter defective as a complaint commencing a civil case because it was not drafted on a Court-provided form and it had not been signed. ECF No. 2 (citing E.D. Mo. Local Rules 2.01(A)(1) & 2.06(A); Fed. R. Civ. P. 11). In addition, the Court noted that Plaintiff had neither paid the filing fee nor submitted an application to proceed without prepaying fees or costs. As such, the Court directed the Clerk to send Plaintiff the necessary forms and ordered that Plaintiff file a signed, amended complaint on the Court-provided form within thirty (30) days. Plaintiff was also given thirty (30) days to either pay the full filing fee or submit the Court-provided application to proceed without prepaying fees or costs.

Following that Order from the Court, Plaintiff filed two additional letters with the Court. ECF Nos. 3-4. Neither of the letters were on a court-provided form. Also, Plaintiff did not pay the full filing fee or file an application to proceed without prepayment of fees or costs. As such, on June 7, 2021, the Court issued an Order giving Plaintiff one more opportunity to comply with

the orders of the Court. ECF No. 5. The Court directed that the Clerk of Court send Plaintiff a second set of court forms. Plaintiff was ordered to file a signed, amended complaint on the Court-provided form and to either pay the full filling fee or submit the form application to proceed without prepayment. Plaintiff was given a thirty (30) day deadline and he was warned that failure to comply with the Order would result in dismissal of the action without prejudice and without further notice.

The deadline for Plaintiff's response has passed and he has neither responded to the Court's Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's Orders of April 13, 2021 and June 7, 2021; his failure to prosecute his case; and his failure to pay the filing fee or seek permission to proceed without prepayment. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the Plaintiff's failure to comply with any court order); E.D. Mo. L.R. 2.01(B) (authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of July, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE